CITY OF PERU *v.* WABASH RAILROAD COMPANY.

[No. 28,975.   Filed May. 13, 1953.   Rehearing denied
June 9, 1953.]

*Frank V. Dice,* City Attorney and *Rhodes & Rhodes,*
all of Peru, for appellants.

*Albert H. Cole Jr., Cole, Wildman & Cole* (of counsel),
of Peru, *John F. Bodle* and *Stuart, Devol, Branigin &
Ricks* (of counsel), of Lafayette, for appellee.

FLANAGAN, J.—The Wabash Railroad Company and
The New York, Chicago & St. Louis Railroad Company,
appellees in this court, brought this action. They seek
to close a crossing of their adjoining tracks by a street
in the City of Peru, Indiana. The defendants in the
trial court and appellants in this court are the City of
Peru and citizens of Peru who objected to such closing.

The trial court held that the railroads were entitled
to close the crossing by virtue of the provisions of §§48-
901 to 48-913, Burns' 1950 Replacement, Acts 1907, ch,

279, p. 617. This appeal presents the correctness of that decision.

The title of the act reads as follows:

"An Act concerning the vacation of plats of lands or any part thereof and for the disannexation of territory from the corporate limits of cities and towns."

Section 1, §48-901, Burns' 1950 Replacement, provides that the taking of certain action "shall operate to destroy the force and effect of such plat," etc.

Section 2, §48-902, Burns' 1950 Replacement, provides that certain action may be taken to "vacate the plat of said lots or block or blocks of lots," etc.

Section 3, §48-903, Burns' 1950 Replacement, under which this action was brought, must be read with the entire act.

When so read, it clearly appears that it refers to formally platted lots and gives opportunity to the owners of lots in such formally platted areas to unplat, including vacation of dedicated streets.

In the instant case we do not have such a situation. Appellees sought to vacate a street under an inapplicable statute. Since the statute does not apply, the entire action fails.

Judgment reversed.

NOTE.—Reported in 112 N. E. 2d 217.